NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROSENDO PEREZ,<br>　　　　　　　　　Defendant. | Criminal No.: 13-cr-57 (CCC)<br><br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

    This matter comes before the Court upon Defendant Rosendo Perez's motion for an order dismissing the above-captioned matter with prejudice for violation of the Speedy Trial Act. (ECF No. 32). The Government argues in opposition that the indictment should not be dismissed because all of the parties agreed to the continuance, and in the alternative, if the indictment is dismissed, that the dismissal should be without prejudice. (ECF No. 33).

    The Speedy Trial Act requires that the trial of a criminal defendant begin within seventy days of the filing of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). The Act excludes some days from the seventy-day limit, including "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A).

    To enter an appropriate ends-of-justice continuance, the court must grant the continuance before the expiration of the Speedy Trial Act clock. United States v. Lattany, 982 F.2d 866, 877 (3d Cir. 1992); United States v. Carrasquillo, 667 F.2d 382, 386 (3d Cir. 1981). When granting

an ends-of-justice continuance, a judge must "'se[t] forth, in the record of the case, either orally or in writing, its reasons' for finding that the ends of justice are served and they outweigh other interests." Zedner v. U.S., 547 U.S. 489, 506 (2006) (citing 18 U.S.C. § 3161(h)(8)(A)). "If the reasons are not placed on the record, the time is not excludable." U.S. v. Mayfield, 361 Fed. App'x 425, 429 (3d Cir. 2010).

A violation of the Speedy Trial Act warrants dismissal of the indictment.  18 U.S.C. § 3162(a)(2).  When deciding whether to dismiss with or without prejudice, a court must consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." U.S. v. McNeil, 416 F. App'x 227, 229 (3d Cir. 2011) (citing 18 U.S.C. § 3162(a)(2)). An analysis of these factors leads to the conclusion that a dismissal of the indictment without prejudice is the most proper remedy in this case.

There is no question that the offenses for which the Defendant was charged are serious ones.  The indictment in this case charges the Defendant with both conspiring to commit and having committed multiple carjackings at gunpoint. (ECF No. 16).  These crimes are significant and violent, carrying a lengthy prison term upon conviction.

Moreover, the facts and circumstances leading to the instant Speedy Trial violation do not warrant dismissal with prejudice.  "A Speedy Trial violation that occurs as a result of negligence is not sufficient to warrant dismissal with prejudice." U.S. v. Done, No. 09–601, 2011 WL 3912756, at *3 (D.N.J. Sept. 6, 2011).  In this case, all parties agreed to and signed a continuance by September 27, 2013.  Due to an oversight, however, that order was never submitted to the Court. On November 13, 2013, the parties again agreed to a continuance.  (Mem. in Opp'n to Def.'s Mot. 1-2).  As the Government acknowledges, there is no record of the second proposed continuance

2

and it was not contemporaneously memorialized. (Mem. in Opp'n to Def.'s Mot. 1). In light of these undisputed agreements, it is apparent that the Government's violation of the Act was merely negligent, and not a result of bad faith or intentional misconduct. See U.S. v. Taylor, 487 U.S. 326, 339 (1988). Without minimizing the seriousness of a violation of the Speedy Trial Clock, the Government's actions do not require dismissal with prejudice.

Finally, reprosecution of the Defendant will not harm the administration of either the Speedy Trial Act or the administration of justice. The criminal conduct at issue is so serious, and dismissal of the indictment without prejudice sufficiently protects the Defendant's constitutional rights. Thus, the Court finds that the interests of justice require only a dismissal without prejudice.

Accordingly,

**IT IS** on this _____ day of June, 2014,

**ORDERED** that Defendant's motion to dismiss the Indictment for a violation of the Speedy Trial Act is GRANTED; and it is further

**ORDERED** that such dismissal shall be WITHOUT PREJUDICE.

_____
**CLAIRE C. CECCHI, U.S.D.J.**

3